IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE CORNER *on behalf of herself and those similarly situated,* ) ) ) | Case No. 3:19-cv-173 |
| Plaintiffs, ) ) ) | JUDGE KIM R. GIBSON |
| v. ) ) | |
| GREGORY & COMPANY, INC., and JAMES GREGORY, ) ) ) ) | |
| Defendants ) | |

## ORDER

AND NOW, on this 14th day of April, 2022, upon Plaintiff Jamie Corner ("Corner") having filed an unopposed motion in this putative class action lawsuit against Defendants Gregory & Company, Inc., *et al.* ("Defendants" or "Gregory & Company"), moving this Court for: (1) preliminary approval of the parties' proposed settlement; (2) approval of the Class Notice to be sent to Class Members about the settlement; (3) approval of incentive/service award for the named plaintiff; (4) approval of class counsel's request for attorney's fees and costs; and (5) the setting of a date for the hearing on final approval of the settlement (ECF No 26), and the Court having read and considered the papers on the motion, the arguments of counsel, and the law, **IT IS HEREBY ORDERED** as follows:

    1. The following class of persons is certified as the Class in this action solely for the purposes of the Settlement:

> All non-exempt hourly delivery driver employees of Gregory & Company's four (4) Domino's stores who received mileage reimbursements during the period from October 17, 2016 to July 31, 2021, who do not exclude themselves.

2. The Court finds that the prerequisites to a class action under Fed. R. Civ. P. 23(a) are satisfied because:

    a. The class is so numerous that joinder of all members is impracticable,

    b. There are questions of law or fact common to the class,

    c. The claims of the Plaintiff are typical of the claims of the class, and

    d. The Plaintiff and their counsel will fairly and adequately protect the interests of the classes.

3. The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because (i) questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (ii) a class action is superior to other available methods for the full and efficient adjudication of this controversy.

4. The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable, and a well-defined community of interest exists in the questions of law and fact affecting the parties. The class is estimated to include over 200 individuals.

5. The Court grants preliminary approval to the parties' Settlement Agreement (Certification of Gregory Paul in Support of Preliminary Approval) as it meets the criteria for preliminary settlement approval. The Court finds that, given the potential risks and defenses raised by Defendants and the amount at issue in damages, the Gross Settlement Amount here of $200,000 falls within the range of possible approval as fair, adequate and reasonable, was

the product of arm's-length and informed negotiations through mediation, and treats all Class Members fairly.

6. The parties' proposed Class Notice plan is constitutionally sound because individual notices will be mailed and emailed to all class members whose identities are known to the parties. The Class Notice will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. To ensure that the Class Notice reaches as many Class Members as possible, the Settlement Administrator will take the Class Data provided by the parties (which will include each Class Member's name, last-known mailing address and telephone number, Social Security number, and number of piece-rate earnings) and update the addresses using the National Change of Address database. After doing so, the Settlement Administrator will mail the Class Notices. If any of the Class Notices are returned by the U.S. Postal Service as undeliverable (i.e., there is no forwarding address), the Settlement Administrator will perform "skip trace" address searches and will re-mail notices to Class Members for whom new addresses are provided or are found. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing. The parties' proposed Class Notice and Share Form (Settlement Agreement, Exhibit A) are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement (including, but not limited to, their right to participate in the settlement (by doing nothing), object to the settlement, and their right to request to be excluded from the Settlement), and the date and location of the final approval hearing. The Class Notice further advises Class Members that, if they do not exclude themselves from the Settlement, they will receive their pro-rata share of the Settlement

Proceeds and will be bound by the release of claims in the Settlement Agreement with respect to Defendant and other affiliated released parties.[1] The Class Notice plan provides the best notice practicable and, therefore, is approved.

7. Any Class Member who wishes to challenge their settlement payment or object to the Settlement, including the Class Counsel requested attorney's fees and/or litigation costs, has until 60 days after the mailing of the Class Notice to submit his or her comment or objection, pursuant to the procedures set forth in the Class Notice.

8. Any Class Member may opt-out of the Settlement, by submitting a written election not to participate in this Settlement **no later than 60 days** after the mailing of the Class Notice, pursuant to the procedures set forth in the Class Notice.

9. The Court makes the following appointments: (1) Plaintiff Jamie Corner as Class Representative; (2) Gregory Paul of Morgan & Paul, PLLC as Class Counsel and (3) CAC Services Group, Inc. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

10. Defendants are directed to provide the Settlement Administrator the Class Data as specified by the Settlement Agreement **no later than 14 days** after the date of this order.

11. The Settlement Administrator is directed to mail the approved Class Notice by first-class regular U.S. mail and Electronic Mail to the Class Members **no later than 14 days** after receipt of the Class Data from Defendants, as specified by the Settlement Agreement.

---

[1] The Released Parties are defined as, "Gregory & Company, Inc., James Gregory, and any related entities, along with all respective owners, members, stockholders, franchisors, including Domino's Pizza LLC (and its related entities), predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, insurers, subsidiaries, affiliates, insurance carriers and all persons acting by, through, under or in concert with them ." *Id.* at page 4.

12. A final hearing will be held on **September 1, 2022 at 10:30 a.m.**, to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate. The Court will hear all evidence and argument necessary to evaluate the Settlement and will consider the Class Representative's request for a Service Award and Class Counsel's request for attorneys' fees and reimbursement of litigation costs. Class Members and their counsel may oppose the Settlement and/or the motion for awards of the Class Representative Payment, the Class Counsel's Attorneys' Fees, and Class Counsel's Litigation Expenses, if they so desire, as set forth in the Class Notice.

13. Plaintiff's motion in support of final approval, including any request for the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, must be filed **no later than 14 days** before the final approval hearing.

14. Any Class Member may appear at the final approval hearing in person or by his or her own attorney and show why the Court should not approve the Settlement, or object to the motion for award of the Class Representative Payment and/or Class Counsel's requested attorneys' fees and/or Class Counsel Litigation Expenses.

15. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further matters arising out of or in connection with the Settlement.

BY THE COURT:

_Kim R. Gibson_
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**