IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE CORNER, on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY & COMPANY, INC., JAMES GREGORY, JOHN DOE CORPORATION 1-10, JOHN DOE 1-10,<br><br>Defendants. | Civil Action No. 3:19-cv-173<br>Judge Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 15th day of April, 2025, upon consideration of the Class and Collective Action Complaint filed by Plaintiff Jamie Corner, on behalf of herself and those similarly situated against Defendants Gregory & Company, Inc., James Gregory, John Doe Corporation 1-10, and John Doe 1-10 on January 17, 2019, (Docket No. 1), which was never amended to substitute named defendants for John Doe Corporation 1-10 and John Doe 1-10, despite the allegations that "Defendants own and operate other entities and/or limited liability companies" and "there are other Defendants who own an interest or have operational control over Gregory & Company stores" that also qualify as an employer under the FLSA and that discovery would reveal their identities of these entities or individuals, (Docket No. 1 at ¶¶ 39-41), the subsequent settlement of this action between Corner and the other class members and Defendants Gregory & Company, Inc. and James Gregory, which was ultimately approved by the Hon. Kim R. Gibson at a fairness hearing held on September 1, 2022 and the Order Granting Final Approval of Class Action Settlement and Judgment issued on the same date, (Docket No. 32), wherein, among other things, Judge Gibson

1

stated that "[t]his action and all claims against the Settling Defendants are hereby dismissed with prejudice in accordance with the Settlement Agreement, provided however that the Court shall retain exclusive and continuing jurisdiction of the action, all parties, and Class Members, to interpret and enforce the terms, conditions and obligations of the Settlement Agreement," (Docket No. 32 at ¶ 12), this case having been recently reassigned to the undersigned for prompt disposition, (Docket No. 34), and it appearing to the Court that any remaining claims in this civil action against John Doe Corporations 1-10 and John Doe 1-10 should also be dismissed and this case should be closed based on the Order of Judge Gibson, and the terms of the Settlement Agreement wherein Plaintiffs released all claims against the "Released Parties" which they broadly defined as including "Gregory & Company, Inc., James Gregory, and any related entities, along with all respective owners, members, stockholders, franchisors, including Domino's Pizza LLC (and its related entities), predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, insurers, subsidiaries, affiliates, insurance carriers and all persons acting by, through, under or in concert with them," (Docket No. 26-1 at ¶ 6), and that the John Doe Defendants should otherwise be dismissed for the failure to timely amend the Complaint to add named parties, *see e.g.*, *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009) (citations omitted) ("Use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified. If reasonable discovery does not unveil the proper identities, however, the John Doe defendants must be dismissed."),

IT IS HEREBY ORDERED that Plaintiffs' claims against John Doe Corporation 1-10 and John Doe 1-10 are dismissed, pursuant to the terms of the parties' Settlement Agreement and/or for Plaintiffs failure to timely amend the Complaint to name the unidentified John Doe Defendants; and,

2

IT IS FURTHER ORDERED that, as all claims in this case have been dismissed, the Clerk of Court shall mark this case CLOSED.

<u>s/Nora Barry Fischer</u>
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: All counsel of record.